UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROBERT ARMOND**                                                                                     **PLAINTIFF**

**v.**                                             **Case No.**        2:24-cv-84-HSO-BWR

**CITY OF LAUREL MISSISSIPPI**                                        **DEFENDANT**

**COMPLAINT**

COMES NOW Plaintiff, ROBERT ARMOND, by and through undersigned counsel, hereby brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 et seq, 42 U.S.C. § 1983 ("Section 1983"), and 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") against CITY OF LAUREL MISSISSIPPI for race discrimination.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331 (federal question), to hear federal claims pursuant to Title VII, Section 1983 and Section 1981.

2. Venue is proper in this judicial district under 42 U.S.C. § 2000(e) - (e)(5)(f)(3) as Mr. Armond was employed by The City of Laurel Fire Department at one of its locations in the Laurel, Mississippi area at the time of the discrimination complained of, and the incidents and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## PARTIES

3. Mr. Robert Armond ("Plaintiff or Mr. Armond") is an African American male, a citizen of the United States, and resident of the state of Mississippi. At all times relevant to this suit, he was employed with the City of Laurel Mississippi Fire Department in Laurel, Mississippi.

4. The City of Laurel Mississippi ("Defendant of "City of Laurel") is a municipality which provides municipal services and public safety services, including through the operation of its fire department. Defendant can be served with process by service to the City Clerk at 401 N. 5th Avenue, Laurel Mississippi, 39440.

## FACTS COMMON TO ALL COUNTS

5. The Defendant hired Mr. Armond as a firefighter on or about June 21, 2007.

6. Mr. Armond had previously worked as a firefighter with the City of Ellisville, Mississippi for about two (2) years.

7. Armond worked as a firefighter for the City of Laurel for approximately nine years before being promoted to lieutenant in 2016.

8. As lieutenant, Armond ran a station, drove the fire trucks, and operated the water system. He was assigned to Station #5.

9. Around the summer of 2020, Armond was promoted to captain and assigned to Station # 6.

10. Chief Leo Brown contacted Armond in June 2022 and asked him to take the position of shift commander (B shift). Armond was then assigned to Station #1. About the same time, Edwin Blue, a white male, also became a shift commander.

11. Armond was assigned to take a class at the fire academy in July 2022. A week before the class was supposed to start, Armond contacted Joe Purvis, the training officer at the time. Purvis informed Armond that he was no longer supposed to attend the class. Armond was told that he would be assigned to a class in November 2022. Armond later learned that Edwin Blue was allowed to attend the July class.

12. Upon information and belief, three months later, Mr. Blue was promoted to Battalion chief/training officer. Blue did not take any civil service test in order to be promoted to Battalion chief. Upon information and belief, neither Joe Purvis nor Robby McLaurin, both white men, took a civil service test before being promoted to Battalion chief.

13. As a shift commander, Armond was responsible for operations at all fire stations in the City of Laurel.

14. Armond served as shift commander for more than a year and excelled in the position. Despite this, in March of 2023, Armond was told by Chief Brown that he would have to take a test in order to be promoted to battalion chief. Armond's white colleagues had not been required to take any test prior to their promotion to battalion chief.

15. Armond went through the process of taking the civil service exam, interviewing, and completing assessment. The Defendant then informed Armond that he would be effectively demoted to captain without cause. Brad Lowery and Kevin Duncan, both white men, were promoted to shift commander and would be next in line for battalion chief positions.

16. Mr. Armond filed a grievance on August 29, 2023, citing race discrimination as the basis for his demotion. In responding to Armond's grievance in September 2023, the Defendant took the position that Armond had never been promoted to shift commander.

17. Defendant's stated reasons for its demotion of and failure to promote Mr. Armond are false and are pretext for unlawful discrimination.

18. On or about October 4, 2023, the Defendant notified Mr. Armond that it would uphold its September 2023 response to his grievance. Armond requested a hearing on the grievance decision in accordance with civil service rules and regulations.

19. In the meantime, Mr. Armond also contacted the EEOC regarding the discrimination he was experiencing. On or about March 1, 2024, Mr. Armond filed a charge of discrimination against the Defendant. See Ex. A. Mr. Armond has exhausted all administrative remedies and at all times has fully cooperated with the EEOC investigation of his charge of discrimination.

20. On or about March 12, 2024, after Mr. Armond filed his charge of discrimination, the Defendant ultimately denied Armond relief he sought in his grievance regarding his demotion.

21. On or about March 12, 2024, Mr. Armond was issued Notice of Right to Sue letter from the EEOC. He timely files this lawsuit.

## COUNT I
## DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII THE CIVIL RIGHTS ACT

22. The Plaintiff adopts and incorporates by reference each and every allegation as set forth above.

23. Title VII makes it unlawful practice to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

24. Defendant discriminated against Mr. Armond and applied a racially biased double standard towards Mr. Armond in several ways.

25. For example, Defendant discriminated against Mr. Armond, including but not limited to, demoting him, and failing to promote him and instead promoting similarly situated white employees of the City of Laurel Fire Department.

4

26. Defendant, through management, intentionally and systematically interfered with Mr. Armond's ability to achieve a higher rank within the City of Laurel Fire Department.

27. Defendant thus engaged in intentional, willful, and malicious unlawful discrimination against Mr. Armond because of his race.

28. As a direct, legal, and proximate result of Defendant's unlawful discrimination Mr. Armond has suffered emotional distress, economic damages, and other damages.

## COUNT II
## CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C §1983

29. The Plaintiff adopts and incorporates by reference each and every allegation as set forth above.

30. The actions of the Defendant, City of Laurel, violate 42 U.S.C. § 1983 in violation of Plaintiff's rights - substantive and procedural - secured and guaranteed to him by the 1st and 14th amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of his federal rights under the color of state law.

31. Defendant has engaged in the disparate treatment of African American employees such as the Plaintiff with respect to his employment relationship with the City of Laurel.

32. By Defendant's actions, it shows a direct and causal connection between the Plaintiff invoking his constitutional rights and the intentional discrimination. Such unlawful employment practices either violate or permit lawful remedies and damages pursuant to 42 U.S.C. § 1983, § 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.

## COUNT III
## 42 U.S.C. §1981 RACIAL DISCRIMINATION

33. The Plaintiff adopts and incorporates by reference each and every allegation as set forth above.

34. As stated herein, the Defendants continue in their discriminatory practices in the form

5

of failing to promote African American employees such as the Plaintiff, and using evaluation and recommendation criteria for promotions that are arbitrary and discriminatory.

35. The Plaintiff herein alleges that the Defendant's discriminatory practices include, but are not limited to, discrimination in promotion of African American fire fighters within the City of Laurel Fire Department on a class-wide basis as alleged in this Complaint. Plaintiff seeks declaratory, injunctive, and equitable monetary relief from these practices; compensatory and punitive damages; equitable remedies of accounting, restitution, and disgorgement; and an award of costs, expenses, and attorneys' fees; all for himself, individually and on behalf of those similarly situated and/or affected.

36. Defendant's actions, as described above, constitutes as conduct made because of race and is in violation of racial discrimination, under 42 U.S.C. § 1981a.

37. Pursuant to 42 U.S.C. §1981a, Defendant's conduct constitutes as an intentional discrimination based on race, which is considered "disparate treatment" and is strictly prohibited. The Plaintiff seeks remedies and damages against these state actors under 42 U.S.C. §1981, through his claims brought pursuant 42 U.S.C. Section 1983 (infra), and the United States Supreme Court holding in *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Mississippi;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated this 7th day of June 2024

                                      Respectfully submitted,
                                      ROBERT ARMOND

                                      /s/ *Darrian A. Denman*
                                      Darrian A. Denman

OF COUNSEL:

DARRIAN A. DENMAN, MSB#105159
THE DENMAN LAW FIRM, PLLC
4780 I-55 N, Suite 100
Jackson, Mississippi 39211
Telephone: (601) 899-0141
Facsimile: (601) 709-4611
dadenman@denman-law.com